UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                             Case No. 11-11999

ROBERT W. MEWER,                                HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1] (Doc. 8)**

**I. Introduction**

This is a student loan case. Plaintiff, the United States of America (the government) sued defendant, Robert W. Mewer,[2] claiming that he defaulted on a government-guaranteed student loan. The government seeks a judgment in the amount of $151,757.80, representing the principle amount plus interest.

Before the Court is the government's motion for summary judgment. For the reasons that follow, the motion will be granted and the government shall submit a proposed judgment.

---

    [1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    [2]Defendant is an attorney licensed in the State of Michigan. He is proceeding pro se.

## II.  Background

In December 2001, defendant signed a promissory note to secure a consolidation loan from the Department of Education.  In February 2002, the loan was disbursed in two payments, totaling $91,501.90, with a 7.25 percent yearly interest.

In January 2003, defendant defaulted on the loan.  In May 2011, the government filed a complaint against the defendant seeking recovery on the note.

## III.  Legal Standard

Under Rule 56, summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit.  Hedrick, 355 F.3d at 451-52(citing Anderson, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir.2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir.2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case."  Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  To meet this burden, the moving party need not produce

evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir.2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson, 477 U.S. 242, 252. Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir.1993); see also Anderson, 477 U.S. at 249-50.

### IV.  Analysis

### A.

The government seeks summary judgment in its favor based on its claims that there are no genuine issues of material fact with respect to (1) the existence of the loan, (2) the amount that remains to be paid, or (3) defendant's obligation to pay it. To prevail on a claim of a defaulted student loan, the government must show that: (1) the defendant signed the note; (2) the government is the present holder of the note; and (3) the note is in default. See, e.g., U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).

Once the government establishes a prima facie case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation. United States v. Johnson, No 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citations omitted).

B.

Here, the government says that the promissory note establishes that on or about December 14, 2001, defendant signed a promissory note to secure a $91,501.90 loan from the Department of Education. The loan was consolidation of defendants' other federal loans. The government has attached to its papers, the promissory note, a Certificate of Indebtedness and Affidavit, which it says conclusively establishes that the government holds the rights to the note and that the loan is in default.

In response, defendant does not dispute that he applied for and was granted the loan or that the government is currently the holder of the loan. Rather, he says that the government is not entitled to summary judgment because (1) defendant is unemployed and has no income so he is not liable for non-payment of an income-contingent loan obligation; and (2) defendant is not, nor has he ever been, in default on any government loans, as evidenced by payments he has made to the Department of Education via Sallie Mae.

C.

At the time of loan consolidation all of defendant's existing student loans were in default. Under the terms of the consolidation loan, defendant signed an "Income Contingent Repayment Plan." See Exhibit A to government's motion. By its terms, defendant was obligated to make interest payments on his loan until the Department of

4

Education received his income information.  If defendant was unable to make these payments, the Plan provided that he could request a forbearance.  At the time of consolidation, defendants monthly payment of interest only was $552.82.  Once defendant submitted income information, the Department of Education would look review the loan to determine whether a different payment amount was warranted..

Defendant has provided no evidence that he made the interest payments, nor has he provided evidence that he obtained a forbearance.

With respect to the issue of default, the record clearly establishes that a consolidation loan in the amount of $91,501.90 was disbursed in two separate amounts of $25,558.39 and $65,943.51, at 7.25 percent interest per annum, during the period of February 16, 2002 to February 25, 2002.  Defendant expresses some concern with respect to the specific loans consolidated in 2002 and he provides a recent payment history showing that he has made some student loan payments.  However, he provides no evidence to show that the payments were made for the consolidation loan at issue.  More importantly, the Certificate of Indebtedness indicates that defendant defaulted on the loan obligation in 2003, the payment history defendant provided only dates back to December 2007.  Even if defendant made some payments on the loan at issue, that does not mean the note is not in default.

In short, defendant has not established a genuine issue of material fact concerning his obligation on the note.  By contrast, the government has met its burden to establish its claim against defendant.

### V.  Conclusion

For the reasons stated above, the government's motion is GRANTED.  The

5

government shall submit a proposed judgment against defendant for the principal sum of the loan ($91,501.90) plus accrued interest.

    SO ORDERED.

                                               S/Avern Cohn  
                                               AVERN COHN  
                                               UNITED STATES DISTRICT JUDGE

Dated: October 4, 2011

I hereby certify that a copy of the foregoing document was mailed to Robert W. Mewer,16326 Toepfer, Eastpointe, MI 48021 and the attorneys of record on this date, October 4, 2011, by electronic and/or ordinary mail.

                                               S/Julie Owens  
                                               Case Manager, (313) 234-5160